UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL PERKINS,

     Plaintiff,

-against-

CORRECTION OFFICER TALTON, *Shield No. 19156*,

     Defendant.

19-CV-9562 (CM)

ORDER

COLLEEN McMAHON, Chief United States District Judge:

 Plaintiff, currently held in the Manhattan Detention Center, brings this action *pro se*. He also requests to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").

 The Prison Litigation Reform Act (PLRA) added the following three-strikes provision to the IFP statute:

> In no event shall a prisoner bring a civil action…under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This Court, as well as the United States District Courts for the Western and Northern Districts of New York, have previously recognized that Plaintiff is barred under the PLRA's three-strikes provision from filing any new federal civil action IFP while he is a prisoner. *See Perkins v. Annucci*, ECF 1:18-CV-2986, 4 (S.D.N.Y. Dec. 7, 2018) (dismissing action *sua sponte* under the PLRA's three-strikes provision); *Perkins v. Napoli*, No. 6:08-CV-6248, 135 (W.D.N.Y. Nov. 8, 2012) (granting the defendant's motion to revoke Plaintiff's IFP status because of the PLRA's three-strikes provision, but granting Plaintiff 30 days to pay the filing fee); *Perkins v. Rock*, No. 9:10-CV-0375, 13 (N.D.N.Y. Aug. 18, 2010) (denying

Plaintiff's motion to proceed IFP because of the PLRA's three-strikes provision, but granting Plaintiff 30 days to pay the filing fee).[1]

On December 6, 2019, in a separate action filed by Plaintiff, the Court dismissed the complaint without prejudice and granted Plaintiff leave to submit a declaration showing that, while a prisoner, he has not filed three or more cases that were dismissed as frivolous, malicious, or for failure to state a claim. *Perkins v. Previl*, ECF 1:19-CV-9333, 3 (S.D.N.Y. Dec. 6, 2019). Plaintiff's response to the Court's order in that matter is due 30 days from the date of that order. Until Plaintiff responds to that order, the Court cannot determine whether he should be permitted to proceed IFP in this action. The Court therefore holds this matter in abeyance pending Plaintiff's response in *Perkins*, No. 1:19-CV-9333.[2]

**CONCLUSION**

The Clerk of Court is directed to assign this case to my docket, mail a copy of this order to Plaintiff, and note service on the docket. The Court holds this matter in abeyance pending his response to the Court's order to show cause in *Perkins v. Previl*, No. 1:19-CV-9333 (S.D.N.Y. filed Oct. 8, 2019).

---

[1] The actions brought in the Western and Northern Districts of New York were later dismissed because of Plaintiff's failure to pay the filing fee. *Perkins*, No. 6:08-CV-6248, 137 (W.D.N.Y. Feb. 25, 2013); *Perkins*, No. 9:10-CV-0375, 19 (N.D.N.Y. Dec. 2, 2010).

[2] Plaintiff is not barred from filing a new case by paying the filing fee.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  December 17, 2019
    New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge