UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL PERKINS,

                Plaintiff,

-against-

CORRECTION OFFICER TALTON, Shield No. 19156,

                Defendant.

19-CV-9562 (CM)

ORDER OF DISMISSAL UNDER 28 U.S.C. § 1915(g)

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff, currently incarcerated in the George R. Vierno Center on Rikers Island, brings this action *pro se*. Plaintiff also requests to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").

    On December 17, 2019, the Court issued an order holding this matter in abeyance pending Plaintiff's response to the Court's order in a separate action directing Plaintiff to show cause why he is not barred under 28 U.S.C. § 1915(g).[1] (ECF No. 4.) That order also noted that this Court, as well as the United States District Courts for the Western and Northern Districts of New York, have previously recognized that Plaintiff is barred under § 1915(g). (*See id*.) Plaintiff failed to respond to the order to show cause, and on January 24, 2020, the Court again recognized Plaintiff as barred under § 1915(g). *Perkins v. Previl*, ECF 1:19-CV-9333, 4 (S.D.N.Y. Jan. 24, 2020).

---

[1] Section 1915(g) provides: "In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

Plaintiff's complaint does not show that Plaintiff is in imminent danger of serious physical injury.[1] Instead, Plaintiff alleges that Defendant failed to provide him with a kosher meal. (ECF No. 2, at 4.) Plaintiff is therefore barred from filing this action IFP.

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Court denies Plaintiff's request to proceed IFP, and the complaint is dismissed without prejudice under the PLRA's "three-strikes" rule. *See* 28 U.S.C. § 1915(g).[2] Plaintiff remains barred from filing any future action IFP while in custody, unless he is under imminent threat of serious physical injury.[3] *Id.*

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: February 4, 2020
New York, New York

COLLEEN McMAHON
Chief United States District Judge

---

[1] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

[2] Plaintiff may commence a new federal civil action by paying the relevant fees. If Plaintiff does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

[3] The Court may bar any vexatious litigant (including a nonprisoner) from filing future actions (even if the filing fee is paid) without first obtaining leave from the Court. *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).